United States v. Wade Good morning, your honors. May it please the court Christopher Volpe of White and Case on behalf of defendant appellant Wetzel Wade. Your honors, district court committed three errors that seriously jeopardized Mr. Wade's opportunity for a fair VOSR hearing. First, the district court admitted, over defense counsel's objection, a pending and unproven state court indictment as substantive evidence against Mr. Wade. That was error. Under this court's precedence in Jua and Grayski, an indictment is not meant to serve as an evidentiary function. But not only did the district court consider the indictment, it relied on it when reaching its conclusion, finding that the indictment filled in the blanks in the government's case. So, your honors, we have a situation where a district court committed a legal error and relied on that error in reaching its judgment. Oh, I understood the district court considered it was that the defendant had offered the argument that he was in jail at the time his photographs were appearing on this website. And therefore, how could he have been offering to prostitute himself? And it was in that context, I thought, that the district court recognized that the indictment charged this as a joint enterprise, which would have suggested that he had co-conspirators. Am I correct in understanding that's how the district court used the indictment? Your honor, I'm not entirely sure, and I don't want to speculate as to what— Well, I mean, you read the record as I did. What do you think the district court's use was?  Well, your honor, two points on that. I think it's certainly plausible that the district court did use the indictment to sort of fill in the gaps, including— The gap that this was not a sole person enterprise. That's possible, your honor, but that was not otherwise corroborated by the evidence. And so in either case, your honor, the district court is using an unproven, an alleged indictment that certain individuals who were never proven guilty of anything were conspiring. Any other misuse? I mean, I understand your argument that that's it, and that's why it's error. Any other misuse beyond that that you want to urge, with the indictment? With respect to the indictment, two points, your honor. One is just I don't—all we have before us is the record. District court said that there were blanks. She used the indictment to fill in the blanks. I think that it might be a little speculative for us to assume what the district court meant and then assume that that's harmless. Second, I would point out, your honor, that, you know, there were other errors here that would lead to this not being a harmless error. After all, it can't all be harmless. For example, your honor, the district court admitted a case detail statement—case detail report from Detective David Mills, one of the two government witnesses who testified against Mr. Wade. Now, that report was replete with hearsay, and yet— Before you continue on that, if we could continue on the indictment issue that we've been talking about just for a moment. Am I correct that what you're trying to do is to have us extend the rule that was announced in United States v. Juha, which was with respect to the use of an indictment at sentencing, to extend that rule to the revocation hearings here? Yes, your honor. In fact, I would say that it applies a fortiori. After all, in a sentencing case, a district court can consider pretty much any conduct, including acquitted conduct. But in a VOSR hearing, according to this court's decision in Barry, evidence must be based on verified facts and accurate knowledge. An indictment is certainly not a verified fact, nor is it necessarily accurate knowledge. Juha says that an indictment can't be considered standing alone without independent substantiation, right? But what does that mean? If there is independent support for the underlying facts, what does the indictment do? What work does it do? Well, your honor, I think that in a sentencing context, an indictment that bolsters other evidence that supports the same point could be used potentially to find something by a preponderance of the evidence. But here, first of all, the indictment isn't corroborated by anything. The indictment filled in the blanks. It didn't bolster other evidence. It was the evidence. And then second, again, going to this court's decision in Barry, that lays out a standard where it has to be, evidence must be based on verified facts and accurate knowledge. That's not necessarily the same standard in a sentencing hearing where you're governed by a statutory regime that allows you to consider almost anything. Now, I'm sorry. Go ahead. I was going to ask you to move on to another point, unless you had further questions on the indictment, Chief. No. I thought your main concern here was the allowance of the hearsay testimony of the young woman. Well, that would be my second point, your honor. No less important, by any means. Yes, your honor, I believe that's right. Here, there was a report that was the predicate of one of the government's two witnesses. The entire basis for his testimony was a report that was replete with hearsay, both from other officers who did not appear and did not testify against Mr. Wade, and from the alleged victim, Jane Doe, who, in addition to being anonymous, also did not appear and did not testify against Mr. Wade. Now, this court has said again and again that— There seems to be more support for an officer testifying to the collective knowledge of individuals who participate in the investigation. Why don't you focus on the anonymous account that was allowed in? Sure, your honor. Well, so this court has said again and again that in the context of a VOSR hearing, evidence that does not fall within a firmly rooted exception to the rule against hearsay is not admissible, unless the district court conducts a balancing test. This is by Rule 32. That's correct, and this court's precedence. So what you're basically claiming is that this evidence was admitted in violation of Rule 32. That's correct, your honor, and I would go a little bit further than that. I would say that the district court was obligated to conduct a balancing test that it did not conduct, and the government concedes it did not conduct. And thus, your honor, I think we've already passed the threshold of the standard of review here. So, your honor, I think on that point, we should also look at— Balancing has to ultimately reach what conclusion? That there is good cause for the government not to produce the hearsay declaring. The good cause cited by the district court was? None. None, okay. There was no balancing test. There was no cause offered. There was no calculation of defendant's interest in confrontation. You can guess what it would be, but it wasn't on the record. It wasn't on the record, your honor, and I think that these sorts of balancing tests, like all balancing tests, often are very fact-intensive, and that the district court— The government argues that what we can infer is that there was good reason not to call her because she would be traumatic. Again, your honor— Well, I mean, I'm not urging you to adopt it. I'm urging — I want to hear why you think that's not an argument we should accept. Well, I would say it should not be accepted because it wasn't offered below, and in addition to that, this is a fact-dependent inquiry. I mean, the proposed reason for the witness not appearing is one factor, but other factors like the importance of the hearsay statements, the importance of the defendant's right to confront those statements, and the indicia of reliability of those statements apply. I thought what I was going to hear from you was that her trauma was the result of a kidnapping, not concern that she was going to be traumatized by having to testify in court. I mean, am I correct that the woman is a minor, but she was a willing prostitute and not abused in the course of the prostitution? That's absolutely correct, your honor. Okay. And now with respect to the charging instrument, what difference does it make as to whether a degree of crime was specified? Because the law says prohibits committing any other federal, state, or local crime, any crime. That's true, your honor, although a defendant must get notice of that crime, and so the VOSR report lays out a grade B violation, which is a felony. And so I believe, your honor, that it does matter a little bit, but I would submit that, frankly, all of these errors still persist, whether you consider the VOSR report, whether you consider the state court indictment charge. Regardless of the degree, the district court still relied on an indictment. It still admitted a case detail report that was replete with hearsay. It still committed these errors, you know, regardless of whichever report we look at. Thank you, your honors. May it please the court. My name is Jonathan Algor, and I represent the United States. I'm an assistant United States attorney in the Eastern District of New York. The district court's judgment should be affirmed here, and I want to start with the state court indictment that was added, and kind of give like a temporal perspective of where that came in within the actual hearing. The indictment was admitted into evidence after Detective Mills' testimony, and to pick up where Judge Raggi was talking about, it was after cross-examination of Detective Mills, where there was questions about when Wade was incarcerated, how could these back page ads have been posted? And that happened also within Officer Hill's testimony. And so this indictment, and it's found at A182 of the appendix, you see that the judge says to kind of counter as refuting the cross-examination that there were co-conspirators here, and that this indictment fills in that gap. And so it was... Albee's response is that an indictment can't do that, because it's not got a sufficient reliability. It's only a probable cause finding. What's your response to that? Again, Your Honor, we have to also take it into the context of the whole hearing itself. And I know Chief Judge Katzmann just brought this up, that JUA talks about how if it's held standing alone without any other substantiation in the record. But here we have a voluminous amount of testimony from Officer Hill about the back page ads that was not even addressed really in the initial argument here. The district court used the indictment because to fill in the blanks, right? Solely on, to fill in the blanks of what the defense was arguing below, that there were, that how could he have possibly posted these back page ads while he was incarcerated. But filling in the blanks, saying that, essentially saying they were co-conspirators involved in this based on the indictment. Yes, Your Honor. And there was nothing more than that, right? It had not been, nothing in the indictment had been yet substantiated. It was just the indictment. Yes, Your Honor. But there is also evidence from Officer Hill's testimony talking about the back page ads where there are other individuals that are obviously involved in prostitution. But Mr. Wade was, when he was posting to those back page ads that you see throughout Officer Hill's testimony. And so I want to get now to move to the hearsay arguments. While it's true that there was no explicit good cause finding, the basis in the record is clear that first, the objections below were only to double hearsay statements. There were only two objections that were by NYPD officers who had actually interviewed Jane Doe and provided that interview to Detective Mills. And so turning to A122, the objection was- There's a justification for Jane Doe's testimony coming in. It comes in anonymously. She's not identified. At the time she made the statements, as I understand it, she was not sworn. So they don't have the reliability that we've sometimes located in that fact. She was not cooperating with federal authorities. So we don't have that as a possible reliability factor. And as I understand it, the trauma that you cite to us in your brief is a result of kidnapping. There's no demonstration in the record that I could see that she would have been traumatized by having to appear in court. This is not a case, for instance, where a child who was physically abused by the defendant is being asked to testify in court confronting him. So on these circumstances, how could the Rule 32 balance be struck in favor of allowing this kind of anonymous hearsay testimony? Well, Your Honor, I would disagree that the record doesn't show that Jane Doe was traumatized. We have that on Detective Mills'- I know she was traumatized by the kidnapping. But as I understood your brief, you were arguing that a justification for her not having to come to court and testify is that that would have been a traumatizing experience. Yes, Your Honor. I think that's true. As a 14-year-old who was being promoted as a prostitute by Mr. Wade and who had also had sex with her based on Detective Mills' testimony, and there is reliability, I think, also to Jane Doe's testimony through Detective Mills, those hearsay statements, because- I would agree, though, that we're not confronting here the trauma of a child who was physically abused by the defendant having to testify. In those cases, the court has found that to be good reason. But I don't understand where we've ever had the circumstances such as this, a ground for not allowing hearsay testimony, allowing it anonymously. Well, I think you have that in Jones, though, Your Honor. I think there you have, and that's an opinion that Chief Judge Kassman authored, where you have a 14-year-old girl who was traumatized by looking at a man who was masturbating across the street. And so there, it's even less of a connection to that individual who they did not call in to testify, versus here's someone who has been- This woman was a prostitute before she ever met the defendant, correct? This child, if you want to call her a minor? I assume that, yes, Your Honor. Right. So that's not quite the same as the situation in Jones. I mean, I'm trying to understand why it would have been so traumatic for this person to testify or even to be identified for the defendant, not on the public record. Well, I do believe she was- I mean, it strikes me as extraordinary in terms of the right to confront and have some ability to question that you don't identify the person, you don't have them sworn, and they don't testify in court. Yes, Your Honor. I would disagree with Your Honor, though, that this is not in- I actually think that the Jones case is actually more of a distinction and less reliability than here, and that someone who has been promoted- Jones is a much different situation. This is a situation here where you have somebody who was a prostitute before this case even began, right? Jones didn't involve anything like that. That's true, Your Honor. There is a distinction in that she is a prostitute or was a prostitute, yes, Your Honor. But also, not only that traumatizing, in addition that there- I think there is clear, though, that this testimony that we're focused on here from Detective Mills, taking that aside, that the government proved through Officer Hill's testimony that the defendant had- that there was a clear violation here and had proved preponderance of the evidence, Charge 8. If you look through Officer Hill's testimony, the multiple amounts of back page ads, you see through Mr. Wade himself promoting himself as a prostitute, multiple pages there. And then, in addition, you have multiple back page ads that are for other women that were put in through, specifically one that occurred just a month prior to this hearing. The violation, though, was that he was perpetrating the prostitution business, right? Not just that he was offering himself. Promoting or advancing prostitution, yes, Your Honor. And the evidence apart from that of the hearsay minor that proved that is what? Is Officer Hill's testimony through the back page ads that show Mr. Wade not only- Offering himself. Offering himself as well as- so you see one of the examples is at 873. It's called Flavorful Tasties. And there, Officer Hill testified that Wade's phone email as well as his IP address that he had used to provide for his VOSR- or, excuse me, his probation monthly report, the IP address matched with that. And you could find- and there was multiple back page ads that showed him- his connection to these back page ads. Isn't that where the problem arises, though, about whether he was in jail and yet there were still these connections and that was where the question of conspiracy arose? There's only one or two instances where they were challenging that. And so they were trying to take a small window of three to four days and argue that it was someone else, potentially Wade's son, that was part of the cross-examination. And so they took a two or three day window there where one or two back page ads were posted and said that that was part. Assuming we accept that argument, how can we be confident that the defendant was not prejudiced here? I mean, it does seem to have been a significant fact that he was prostituting a minor, not just engaging in general prostitution. And that comes through with the minor's hearsay testimony. Am I right? It comes through with the minor's hearsay testimony, but there is also- you'll find where the district court judge discusses the 18 versus 19 year old distinction, which is after Officer Hill's testimony. And that gets to- and that's why I say, again, I think standing alone you can- the charge eight was proven through Officer Hill's testimony. I guess what I'm asking you is why isn't a remand appropriate for the district court to do the Rule 32 balancing? And if it decides to admit the testimony and makes its record, either the parties will be satisfied or there can be a challenge. Or if the district court says, you know, I don't think Rule 32 would satisfy it. But I find he did violate his, you know, probation or supervision for whatever reason. Or I don't find it now. But one way or the other we would know. Why shouldn't we do that? Well, one, Your Honor, I think- I don't want to repeat, you know, obviously what I've said about Officer Hill and how I believe that's standing alone. But I do think also what you have- what you have here is I do find that there is a record here, good faith basis, and there was no objection to the- to the Jane Doe's testimony. There's none. It's only an objection to the double hearsay. And so whether there was error or not, that was- it was harmless, clearly, because there was no objection below. There was no- it was- It means we do plain error analysis. Yes. That's why I took you to the- And so that's- and that's- and so that's why I would say that- You're not denying that it was clearly established that the Court had to do Rule 32 balancing, right? No, Your Honor. So there's error on the failure to do Rule 32 balancing. That takes us to the third and fourth prong of plain error analysis. And that's why I asked you about how we can be sure there's no prejudice. And I don't think there is, Your Honor, based on Officer Hill's testimony. I think that- What term did he get? What was he sentenced to? Three years, Your Honor. Yeah. It's not an insignificant period of time. And we have found the possibility that a jail sentence is longer than it should be to satisfy the third and fourth prongs. Yes, Your Honor. Of plain error analysis.  I see my time's up. If anything further, Your Honor. Yes. With respect to JUA, is there- in your view, is there any reason not to extend the rule of JUA to the VOSR context? I think it would apply to the VOSR context because of just the standard of review. And so I think we make that argument here. And so whether- and so I think within JUA, you have a situation where because during the sentencing, it was established and that was the sole basis for that upward departure. But again, here, this is- the state court indictment, I think, when you look at it- I mean, JUA- what I'm getting to is the idea that JUA says that standing alone, the indictment is not sufficient. There has to be something else. Yes, Your Honor. I think we would agree- I would agree with that. Okay. Thank you. Thank you. Your Honor, just two quick points. One, I think Judge Radji is absolutely correct. Here, I would just add one additional indicia of unreliability, and that is because Jane Doe was anonymous and because the district court refused to allow defense counsel to see the computer checks that had Jane Doe's criminal history, we have one other area where defense counsel was unable to effectively cross-examine this non-appearing declarant. But on the computer checks issue, since it doesn't- I mean, if it doesn't matter what the age is, that is, if there is a commission of any crime, then what would the computer checks have revealed? Well, potentially, Your Honor, and I'm speculating because the evidence is solely within the possession of the government, but potentially Jane Doe had a conviction for perjury or something else that would cast even more doubt upon her testimony if that's something this court were to consider. And then second, Your Honor, I would just note that it's clear that the district court did, in fact, not view Ms. Hill's testimony standing alone sufficient. That's precisely why the district court found that there were blanks in the government's case and that the indictment filled in those blanks. You're looking for a remand? Yes, Your Honor. Your client is incarcerated now? That's correct, Your Honor. If Your Honor has no further questions. Thank you. Thank you. Thank you for your arguments.